IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODRIQUEZ CROWELL, AIS 283285, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 2:24-CV-586-ECM-KFP ) |
| CAPT. G. ROOKER, | ) ) |
| Respondent. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Petitioner Rodriquez Crowell is an inmate incarcerated at the Camden Work Release Center in Camden, Alabama, serving a 30-year for sentence for first-degree burglary entered against him by the Circuit Court for Dallas County, Alabama.[1] Doc. 1. He filed this action using this Court's standard form for habeas petitions brought under 28 U.S.C. § 2254. In his petition, Crowell seeks to challenge the validity of his sentence which he alleges was subject to an illegal enhancement. Doc. 1 at 5. Upon review, the Court concludes the petition is due to be transferred to the United States District Court for the Southern District of Alabama.

**II.   DISCUSSION**

Title 28 U.S.C. § 2241(d) allows Crowell to bring a § 2254 habeas petition in either (a) the federal district court for the district in which he is in custody (the Southern District

---

[1] *See* https://doc.alabama.gov/InmateSearch.

of Alabama, where the Camden Work Release Center is located), or (b) the federal district court for the district within which the state court that convicted and sentenced him was held (the Southern District of Alabama, where the Circuit Court of Dallas County is located). Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

The matters complained of by Crowell stem from his conviction and sentence entered by the Circuit Court for Dallas County. The records and witnesses relating to these matters are likely to be in Dallas County. Thus, the Court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Southern District of Alabama for review and disposition.[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 2241(d).

Further, it is ORDERED that by **October 1, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or

---

[2] Crowell filed an application for leave to proceed in forma pauperis with his § 2254 petition. Doc. 2. This Court leaves a ruling on that application to the transferee court.

general objections will not be considered by the Court. The Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3–1.

DONE this 17th day of September, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE